UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

KM SPIRITUAL COLLECTIVE CONFEDERATION; KAUTANTOWIT'S MECAUTEA et al; UNITED CANNABIS MINISTRY et al: ROLLING SPIRIT CHURCH OF KM et al; MICHIGAN MOTHER MEDICINE CHURCH OF KM; RG 129 GLOBAL et al; ANOINTED LIFE MINISTRIES et el; WINDIGO KAHN OF KM et al; CHURCH OF THE ONLY BEGOTTEN SON et al; KM CHURCH of FLORIDA et al;WHITE WOLF's DEN OF KM et al; and Wolf Daughter Medicine of KM

Case: 1:21−cv−00879
Assigned To : Howell, Beryl A.
Assign. Date : 3/29/2021
Description: TRO/PI (D−DECK)

v.

UNITED STATES et al; STATE OF OREGON et al;; KATE BROWN; ELLEN ROSENBAUM; STATE OF CALIFORNIA et al; XAVIER BECERRA; EDMOND G. BROWN; XAVIER BECERRA; STATE OF UTAH et al;  GARY HERBERT; SEAN REYES; STATE OF MICHIGAN et al; GRETCHEN WHITMER; DANA NESSEL; STATE OF INDIANA et al;. ERIC HOLCOMB; CURTIS HILL; STATE OF LOUISANA et al; JOHN BEL EDWARDS; JEFF LANDRY; STATE OF MINNESOTA et al: TIM WALZ; KEITH ELLISON; and DOE'S 1-999 **for each state.**

**VERIFIED COMPLAINT FOR:**
**Intentional Infliction of Emotional Distress (IIED)**
**BY WAY OF:**
**VIOLATIONS OF CIVIL RIGHTS; THE SHEPARD and BYRD ACTS , RICO ACT; RACKETEERING, OPERATING A CRIMINAL DRUG "KINGPIN"  ENTERPRISE, EXTORTION, COMMUNICATIONS FRAUD CONSTRUCTED FRAUD, DOMESTIC TERRORISM, TREASON, COLOR OF LAW/AUTHORITY VIOLATIONS, CONSPIRACY TO COMMIT MURDER, CONSPIRACY TO DEPRIVE  RIGHTS, PERSONAL AND RELIGIOUS BIAS/DISCRIMINATION INCLUDING  BUT NOT LIMITED TO VIOLATIONS OF: CIVIL RIGHTS ACT OF 1964,  THE NO FEAR ACT, THE PRIVACY ACT, (RLUIPA) RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSONS ACT, (RFRA) RELIGIOUS FREEDOMS RESTORATION  ACT, (AIRFA) AMERICAN INDIAN RELIGIOUS FREEDOM ACT, and MANY MORE  CRIMES AND**

**Petitioner/Plaintiff List and Contact Info**

1. **KM Spiritual Collective Confederation c/o Sergio Sandoval**
   1630 Curtin Road Cottage Grove, Oregon 97424
   Email: kmeldercouncil@gmail.com
2. **Kautantowit's Mecautea ℅ Joy M. Graves**
   1630 Curtin Road Cottage Grove, Oregon 97424
   Email: kmnac@aol.com
3. **United Cannabis Ministry ℅ Rev. Steven Cherms**
   P.O Box 2625 Oroville, California 95965
   Email: rev.stevencherms@yahoo.com
4. **Rolling Spirit Sanctuary of KM ℅ Jonathon Faye**
   2184 Channing Way #237 Idaho Falls, Idaho 83404
   Email: jonnyangel35@yahoo.com
5. **Michigan Mother Medicine Church of KM ℅ Howard Plourde**
   8634 Pine Court Clio, Michigan 48420
   Email: a1weedshirts@yahoo.com
6. **RG129 ℅ Anthony King**
   P.O. Box 264 East Chicago, Indiana 46312
   Email: rg129global@gmail.com
7. **Annointed Life Ministries ℅ David Lucito**
   104 Tillou Andrus Dr. Opelousas, Louisiana 80570
   Email: realbrotherdank@gmail.com
8. **Windigo Kahn of KM ℅ Kevinn L. Locke**
   3868 Brevator Rd. Cloquet, Minnesota 55720
   Email: kelocke61@gmail.com
9. **Church of the Only Begotten Son ℅ Aaron Gibbs**
   51778 U.S.Hwy 491 Cahone, Colorado 81320
   Email: thechurchoftheonlybegottenson@gmail.com
10. **KM of Florida ℅ Timothy Lockard**
    1564 Amberlea Dr. N Dunedin, Florida 34698
    Email: tlockard@tampabay.rr.com
11. **White Wolf's Den of KM ℅ Gerald L. Timm**
    1065 Glenview Way NW Salem, Oregon 97304
    Email: geraldltimm@gmail.com
12. **Wolf Daughter Medicine of KM ℅ Jason A. Endicott**
    1630 Curtin Rd. Cottage grove, Oregon 97424
    Email: allenendicott@gmail.com

**Defendant List and Contact Information**

1. **Kate Brown**
   900 Court st. Ste.254 Salem, Oregon 97301
2. **Ellen Rosenbaum**
   1162 Court st. NE Salem, Oregon 97301
3. **Gavin Newsom**
   1300 I. St. Sacramento, California 95814
4. **Edmund G. Brown**
   1315 10th St. Sacramento, California 95814
5. **Xavier Becerra**
   1315 10th St. Sacramento, California 95814
6. **Gary Hubert**
   350 N. State St. Ste. 220 Salt Lake City, Utah 84114
7. **Sean Reyes**
   350 N. State St. Ste. 220 Salt Lake City, Utah 84114
8. **Gretchen Whitmer**
   111S. Capitol Ave. Lansing, Michigan 48933
9. **Dana Nessel**
   525 W. Ottawa St. 7th Floor Lansing, Michigan 48909
10. **Eric Holcomb**
    200 W. Washington St. 2nd Floor #206 Indianapolis, Indiana 46204
11. **Curtis Hill**
    302 W. Washington St. Indianapolis, Indiana 46204
12. **John Bel Edwards**
    900 N. 3rd St. Ste. 4 Baton Rouge, Louisiana 70802
13. **Jeff Landry**
    1885 N. 3rd St. Baton Rouge, Louisiana 70802
14. **Tim Waite**
    130 State Capitol 75 Rev. Dr. Martin Luther King Jr. Blvd. St. Paul, Minnesota 55155
15. **Kieth Ellison**
    445 Minnesota St. #1400 St. Paul, Minnesota 55101

**VIOLATIONS; AND HEREBY AND HEREIN ARE REQUESTING INJUNCTIVE RELIEF AS STATED.**

### COMPLAINT SUMMARY -

Petitioners/Plaintiff's et al bring forth formal complaints against Defendants et al for violations of their natural, civil and constitutional rights and liberties as set forth. Such acts include in unlawful acts that violate 18 USC Ch. 13 - CIVIL RIGHTS; 18 U.S. Code § 241- Conspiracy against rights; 42 U.S. Code § 1985 - Conspiracy to interfere with Civil Rights including but not limited to: 42 U.S. Code § 1983- Civil action for deprivation of rights.

The records and evidence will reveal that by doing so, the Defendants have and continue to violate 18 U.S.C. § 1512  - Tampering with a witness, victim, or an informant.by violating Petitioners/Plaintiff's et al rights as set forth in this complaint presented to the bar and also the encompassing cases in motion in and to this bar, and applicable laws.  The Defendants maliciously committed and continue to commit acts of  harassment, unlawful detainment, stalking, biased policing, fraud including fraud upon the courts, as well as 28 U.S. Code § 4101 (1) defamation of character, criminal trespass, unlawful detainment and Chapter 39. - Title 18 - Crimes And Offenses = Theft of property in addition to the above violations,

Petitioners/Plaintiff's further affirm the records will reveal said acts are based upon, at least in part, on Defendants religious discrimination upon Petitioner CHURCHES, which results in violations of the 1st and again the 14th Amendments of the US Constitution and its encompassing applicible clauses as well as depriving Plaintiff's/Petitioners of 21C § 2000cc - Protection of land use as religious exercise (RLUIPA), 42 U.S. Code CHAPTER 21B—Religious Freedom Restoration Act, The American Indian Religious Freedom Act, 42 U.S.C. § 1996 ("AIRFA") and accompanying laws as set forth in this complaint and resulted in violation of 18 U.S. Code § 247- Damage to religious property; obstruction of persons in the free exercise of religious beliefs on more than one occasion.

*(See: KM Timeline and  including all exhibitory evidence included, especially audio and video evidence "Linn v Graves 2016).*

Petitioners/Plaintiff's are confident that the record at bar here and with their encompassing cases, some  at and some forthcoming to bar in this court will affirm beyond reasonable doubt tthat the Defendants to silence Petitioners/Plaintiff's based on their own proessed omissions of willfully violating.18 U.S.C. § 1117 by conspiring to murder. Petitioners/Plaintiff's are confident such acts are being committed by Defendants in part as personal individuals and also under color of law collectively in effort to prevent

Petitioners/Plaintiff's from shielding and protectively preserving "God's flock" and the citizens and residents of STATES from coercion and into felonious criminal acts while committing and or aiding and abetting in acts 18 U.S.C. §1341 Frauds and Swindles; 21 U.S. Code § 848 so to Continue STATES criminal enterprise in turn leading to 18 U.S.C. §1956 – Laundering of monetary instruments in Defendants Racketeer Influenced and Corrupt Organizations as set forth in the act defined under 18 U.S. Code CHAPTER 96 a kingpin levels, and have excelled to the degree of threat level to Petitioners/Plaintiff's et al of Defendants. including but not limited to **RICO** Prosecutions—18 **U.S.C.** §§ 1961-68 which puts this and encompassing cases subject jurisdiction to this bar.

(See; "Affidavit KM v Oregon Rico 1 CDE"  by Graves and attached exhibits and references included, especially audio/video: "KM v Oregon Conspir. to Murder").

By doing so, the Defendants are additionally violating 18 USC 43 by committing such unlawful acts against the Petitioners/Plaintiff's individually and under color of law as the FBI defines eco-terrorism as the use or threatened use of violence of a criminal nature against innocent victims or property by an environmentally-oriented, subnational group for environmental-political reasons, or aimed at an audience beyond the target, often of a symbolic nature (CHURCH).

(See: Timelines and attached exhibits and references included)

## JURISDICTIONAL PREREQUISITES -

 **1.** No government claim filing prerequisite is applicable in this case which seeks only injunctive and declaratory relief remedies prescribed as applicable federal law codes as set forth in this complaint and also in the Petitioners/Plaintiff's encompassing cases and petitions at and forthcoming to this bar, which the court may elect to conjoin as they proceed forward in this court.

**2.** The actions of the Defendants are defined as acts of Hate under THE SHEPARD BYRD ACT-18 USC 247 intended to be protected by both the Matthew Shepard and James Byrd Jr. Acts in accordance with the Civil Rights Act of 1968, where Congress has already provided for federal investigation and prosecution on crimes involving race, color, religion or national origin. In 2009, Congress widened this law with the passage of the Matthew Shepard and James Byrd Jr. Hate Crimes Prevention Acts. Consistent with the Supreme Court decision in Wisconsin v. Mitchell, which the law was designed to provide enhanced penalties in hate crimes also involving "gender, sexual orientation, gender identity, or disability" that was in or affected

interstate or foreign commerce.3. The Defendants malicious unlawful acts are also terroristic under18 USC 43. - AETA (Terrorism), all which  removes  any statute of limitations and immunity from Defendants including acts they committed under color of law and enhances prosecutory remedy upon Defendants as set forth in said applicable law(s).

Federally protected activities include public education, employment, jury service, travel, or the enjoyment of public accommodations. Under this statute, it is also a crime to use or threaten to use force against those who are assisting and supporting others in participating in these federally protected activities and The Shepard Byrd Act, 18 U.S.C. § 249, being the first statute allowing federal criminal prosecution of hate crimes motivated by the victim's actual or perceived religion and race association of and within Petitioners/Plaintiff's religion making it a federal crime to willfully cause bodily injury, or attempt to do so using a dangerous weapon, because of the victim's actual or perceived race, color, religion, or national origin. The Act also covers crimes committed because of the actual or perceived religion, national origin, sexual orientation, gender, gender identity, or disability of any person, if the crime affected interstate or foreign commerce or occurred within federal special maritime or territorial jurisdiction.

**3.**. Defendants have and continue to violate Petitioners/Plaintiff's rights by violating 18 USC 43 by committing such unlawful acts against the Petitioners individually and under color of law. The FBI defines eco-terrorism as the use or threatened use of violence of a criminal nature against innocent victims and/or property by an environmentally-oriented, subnational group for environmental-political reasons, or aimed at an audience beyond the target, often of a symbolic nature (CHURCH). There is no statute of limitations for federal criminal acts punishable by death, nor for certain federal crimes of terrorism such as has been comitted by Defendants as set forth and reveals in this and Petitioners/Plaintiff's encompassing cases at and forthcoming to this bar. A terrorist defendant is not a prerequisite to  an unlimited period for prosecution, however, this combination of violations on the Defendant's part including DOES eliminate statute of limitations such as is revealed in Defendant's violations of: 18 U.S.C. § 1117 by conspiring to murder, 18 U.S.C. § 241 by conspiring to injure and murder.18 USC 247 and terroristic under18 USC 43.

**4.** These acts by Defendants are intolerable to Petitioners/Plaintiff's et al  are further described by the DEA to be a "Kingpin" "Criminal Drug Enterprise" as set forth in  21 U.S.C. § 848 and violates multiple additional federal laws as set forth in this complaint, especially with Petitioners/Plaintiff's authority over such "God created and freely given sacred medicines", including but not limited to cannabis, aka "Marihuana/Marijuana".and our sacred Manna's, aka "Psychedelic (and non psychedelic) mushrooms" and etc. are being willfully infringed upon by

Defendants so to preserve their unlawful criminal drug enterprise. Such authority has been entrusted specifically by "God" since time immortal to the Petitioners/Plaintiff's to properly regulate and administer for spiritual, emotional, physical and communion unification and reconnection purposes exclusively for Petitioners/Plaintiff's et al for spiritual, ceremonial and medicinal rites, rituals and other Creed traditional practices for "God, self and community". . Defendants et al have been doing so for multiple years with cannabis while developing and perfecting their unlawful criminal drug enterprise(s) and OREGON is expanding such to include our Manna's as of February, 01, 2021 which we hope to prevent from having happen unlawfully by bringing this complaint to bar with request of an ex parte stay, and or a Preliminary or Permanent Injunction specifically regarding this unlawfully planned action on their part with Godspeed.

(See: NH v. Mack #2019-0171 (2020))

Petitioners/Plaintiff's are additionally outraged in OREGON for preparing to condone unlawful acts that they know are also in complete and direct violation with 21 USC highly detrimental and dangerous to the people of the United States and especially to state residents as such act is sure to cause irreparable harm and even death which Petitioners/Plaintiff's et al have and continue to work diligently to prevent from occurring since inception and also hope to prevent having happen with Godspeed with the sa,e such actions by this court as sought immediately above regarding our sacred Manna's..

> (See: "Confed RICO 1 Historic Timeline", and exhibitory and other evidence included, specifically "History of Creation", "History of Cannabis" and " History Of Manna's".)
> (See also: "THC Ministries Holy Anointing Oil affirmation video and photo exhibit "Caplin Pages".
> (Ref: Genesis 1:26-28.KJV and Exodus 16:4, 1:10-34 as but a Few examples).
> (Reference Oregon Measure 109 (Manna) and 110 (decrim all Fed CSA, both of 2020).

**5.** Petitioners/Plaintiff's are confident the records will reveal without doubt that the Defendants are also actively striving and or aiding and abetting efforts to act or have acted by Defendants upon 18 U.S.C. § 1117 (conspiracy to murder) in and by OREGON which directly conflicts with Ore. Rev. Stat. § 131.125) prohibiting all including Defendants from doing. ROSENBAUM and BROWN of OREGON et al do, know of this conspiracy and all unlawful acts being done to Petitioners/Plaintiff's and other known witnesses of Petitioners/Plaintiff's including that they are and remain in imminent fear of harm and danger to date, yet despite their oath taken to uphold the law and integrity of their states own and federal constitutional protections which reads in : (a) "*Any time: commit, attempt, conspire to commit, or solicit murder further affirms defendant's*

*violation applicability."* The actions involving Defendants "Conspiracy" to Murder revealed by employees of defendants BROWN and ROSENBAUM on October 21, 2018 as the records reveal in this and in potentially adjoining KM and GRAVES encompassing cases at and in motion to this bar..

As defined in 18 U.S.C. § 241, Defendant's violation of statute makes it unlawful for <u>two or more persons to conspire to injure, threaten, or intimidate a person</u> in any state, territory, or district in the free exercise or enjoyment of any right or privilege secured to the individual by the U.S. Constitution or the laws of the U.S. Combined with 18 U.S.C. § 245 statute which makes it a crime to <u>use or threaten to use force</u> to willfully interfere with a person's participation in a <u>federally protected activity</u> because of race, color, <u>religion</u>, or national origin. Conjoined with Defendant's violation of it along with the additional violations as set forth in this amd violations of

(See; "Affidavit KM v Oregon Rico 1 CDE" by Graves and attached exhibits and references included, especially audio/video: "KM v Oregon Conspir to Murder").

**6.** Additionally Plaintiffs emphasize that the Defendants acts both individually and under color of law indeed act's of terrorism as defined in 18 U.S. Code § 242 and confirms the Defendant's actions toward and upon Petitioners/Plaintiff's et al are subject to life in prison, fines and even the death penalty as set forth as appropriate remedies within and regarding these violations. As of the date of the filing of this Complaint, the record and disposition of Petitioners remain reflecting the fraud and criminal acts of the Defendants who continue to refuse to acknowledge or correct it and is resulting in the Defendant's continuing infliction and deprivation upon Petitioners/Plaintiff's et al's freedoms, rights and liberties as well as irreparable damage including extreme emotional distress and irreparable harm and damage as set forth in this complaint and others at and coming to bar in which this court may choose to conjoin as said cases proceed to be heard and decided upon.

**7.** Petitioners/Plaintiff's reaffirm with emphasis and confidence that the records reveal Defendants are violating all laws set forth in this case and the encompassing cases by Petitioners/Plaintiff's et al (including Shepards and Byrd) so to continuing to violate *18 U.S.C. §1341; 21 U.S. Code § 848* - Continuing criminal enterprise **and** 18 U.S. Code CHAPTER 96—RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS; including 18 U..C. § 1021.

**8.** Defendants are maliciously retaliating by intentionally depriving the Petitioners/Plaintiff's and "God's flock" (members, associates, immediate family and household members) of their 1st, 4th, 5th, and 14th US Constitutional rights including all Clauses contained therein to which the

Petitioners/Plaintiff's have no recourse but to "care for" meaning to actively shield and protect from happening at least in part to preserve and have even expanded into additional acts including but not limited to include violations of 18 U.S.C. § 1030 - fraud with computer as defined and set forth and have been committed in and by defendant :OREGON in defendant UNITED STATES.

**9.** Venue is proper in this Judicial District becauseAll such actions have taken place in the district of Defendant STATES et al without proper remedy as prescribed in encompassing state and federal law code and as a result, are causing the injuries and damages alleged in this Complaint to continue to occur in the jurisdiction of the United States of America without remedy even at the district level. Petitioners/Plaintiff's affirm that because the degree and multitudes of harm, threat and violence, especiall7 while acting under color of law, the Defendants acts are enhanced criminal actions and punishable by even the death penalty as prescribed as remedy under said laws.and properly placed to this bar.

## PARTIES -

A. PLAINTIFFS:

      1.KM Spiritual Collective Confederation
      1A. Sergio A. Sandoval
      2. Kautantowit's Mecautea American Native Church ("KM") is a nonprofit non incorporated non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide. KM contains an animal and ecological enterprise which is also being inflicted.
      2A. Shepherd Joy M. Graves ("GRAVES") is an individual native born free citizen of California USA who is an adult well over age 18 and who resides in Salem, Oregon, USA. GRAVES is an essential operator of her church et al and it's animal and ecological (plant) enterprise.
      3 United Cannabis Ministry ("UCM") is a nonprofit non incorporated non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide. UCM contains an animal and ecological enterprise which is also being inflicted.
      3A Shepherd Steven Cherms ("CHERMS") is an individual native born free citizen of California USA who is an adult well over age 18 and who resides in

Oroville, California, USA. CHERMS is an essential operator of his church et al and it's ecological (Plant) enterprise.

4. Rolling Spirit Sanctuary of Kautantowit's Mecautea ("RSSofKM") is a nonprofit non incorporated non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide. RSSofKM contains an ecological enterprise which is also being inflicted.

4A. Shepherd Jonathon Faye ("FAYE") is an individual native born free citizen of California USA who is an adult well over age 18 and who resides in Salem, Oregon, USA. FAYE is an essential operator of RSSofKM et al and it's ecological enterprise.

5. Michigan Mother Medicine Church of KM is a nonprofit non incorporated non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide.MMMofKM contains an ecological enterprise which is also being inflicted.

5A. Shepherd Howard Plourde("PLOURDE") "is an individual native born free citizen of Illinois USA who is an adult well over age 18 and who resides in St. Helens, Michigan. PLOURDE is an essential operator of their church et al and it's animal and ecological (plant) enterprise.

6. ("RG 129 GLOBAL ") is a nonprofit non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide. KM contains an animal and ecological (plant) enterprise which is also being inflicted.

6A. Shepherd Anthony ("KING") is an individual native born free citizen of Indiana USA who is an adult well over age 18 and who resides in Chicago, Indiana. KING is an essential operator of their church et al and it's animal and ecological (plant) enterprise.

7. Annointed Life Ministries ("ALM") is a nonprofit non incorporated non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide. ALM contains an ecological enterprise which is also being inflicted.

7A. Shepherd David 'Brother Dank' 'Medicine Owl' Lucito ("LUCITO") is an individual native born free citizen of Louisiana, USA who is an adult well over age 18 and who resides in Opelousas, Louisiana. LUCITO is an essential operator of their church et al and it's ecological (plant) enterprise.

8. Windigo Khan of KM ("WKofKM") is a nonprofit non incorporated non 501(c)(3) vow of poverty church that is state and federally recognized and

bona-fide. WKofKM contains an ecological enterprise which is also being inflicted.

8A. Shepherd Kevin L. 'Catch the Hawk' Locke is an individual native born free citizen of Minnesota USA who is an adult well over age 18 and who resides in Leech Lake, Minnesota.LOCKE is an essential operator of their church et al and it's animal and ecological (plant) enterprise.

9.The Church of the Only Begotten Son ("COBS")  is a  a non incorporated non 501(c)(3) "free church" that is a state and federally recognized and bona-fide. COBS contains an animal and ecological (plant) enterprise which are also being inflicted with jate crimes by law enforcement.

9A. Shepherd (caretaker) Aaron Gibbs  ("GIBBS") is an individual native born free citizen of Idaho USA who is an adult well over age 18 and who domiciles in , Colorado. GIBBS is an essential operator of their church et al and it's animal and ecological (plant) enterprise.

10. Kautantowits Mecautea Church of Florida ("KMCofF")

10A. Shepherd Timothy Lockard  is an individual native born free citizen of Florida USA who is an adult well over age 18 and who resides in Florida. LOCKARD is an essential operator of their church et al and it's animal and ecological (plant) enterprise.

11. White Wolf's Den of KM (WWDofKM) is a nonprofit non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide. WWDofKM contains an ecological (plant) enterprise which is also being inflicted.

11A. Shepherd Gerald L. Timm ("TIMM") is an individual native born free citizen of Idaho USA who is an adult well over age 18 and who resides in Salem, OREGON.. TIMM is an essential operator of their church et al and it's ecological (plant) enterprise. 12. Wolf Daughter Medicine of KM (WDMofKM) is a nonprofit non 501(c)(3) vow of poverty church that is state and federally recognized and bona-fide. WWDofKM contains an ecological (plant) enterprise which is also being inflicted.

13A. Shepherd Jason A. Endicott  ("ENDICOTT") is an individual native born free citizen of Idaho USA who is an adult well over age 18 and who resides in Salem, OREGON.. TIMM is an essential operator of their church et al and it's ecological (plant) enterprise.

B. DEFENDANTS:

1. KATE ("BROWN"), individually and in her proclaimed capacity as Governor of OREGON et al;

2. ELLEN ("ROSENBAUM"); individually and in her proclaimed capacity as Attorney General of Defendant OREGON et al;

7. Defendant ("CALIFORNIA") et al; is an agent of UNITED STATES et al.

8. GAVIN ("NEWSOM"), individually and in his proclaimed capacity as Governor of CALIFORNIA et al;

9. EDMUND G ("BROWN"), individually and in his proclaimed capacity as former Governor of CALIFORNIA et al;

10. Xavier ("BECERRA"), individually and in his proclaimed capacity as Attorney General of CALIFORNIA et al;

11. Defendant ("UTAH") et al, is an agent of defendant UNITED STATES et al.,

12. GARY ("HERBERT"), individually and in his proclaimed capacity as Governor for UTAH et al.;

13. SEAN ("REYES"); individually and in her proclaimed capacity as Attorney General of Defendant UTAH et al.

14. Defendant ("INDIANA") et al, is an agent of UNITED STATES et al.

15. ERIC "HOLCOMB", individually and in his proclaimed capacity as Governor of INDIANA et al;

16. CURTIS "HILL", individually and in his proclaimed capacity as Attorney General of INDIANA et al;

17. LOUISIANA

18. JOHN BEL EDWARDS;

19. JEFF LANDRY, individually and in his proclaimed capacity as Attorney General of ;

20. STATE OF MINNESOTA et al:

21. TIM WALZ individually and in his proclaimed capacity as Governor for MINNESOTA et al.;

22. KEITH ELLISON individually and in his proclaimed capacity as Attorney General of MINNESOTA;

23. RON DESANTIS individually and in his proclaimed capacity as Governor for FLORIDA et al.;

24. ASHLEY MOODY individually and in her proclaimed capacity as Attorney General of STATE OF FLORIDA; and
DOE'S 1-500

## COMPLAINT -

Petitioners/Plaintiff's et al complaint is presented to the bar of violations of their natural, civil and constitutional rights and liberties as set forth in this and the encompassing cases and applicable laws that the Defendants have violated Plaintiff's (SHEPHERDS) rights under 18 USC Ch. 13 - CIVIL RIGHTS; 18 U.S. Code § 241- Conspiracy against rights; 42 U.S. Code § 1985 - Conspiracy to interfere with Civil Rights including but not limited to: 42 U.S. Code § 1983- Civil action for deprivation of rights as 18 U.S.C. § 249 - Hate crime acts. By doing so, Petitioners/Plaintiff's et al are confident that the records will reveal undisputibly based upon, at least in part, on Defendants religious discrimination upon Petitioner CHURCHES et al resulting in violations of The Shepard Byrd Act, 18 U.S.C. § 249 and the 1st and 14th Amendments of the US Constitution and its encompassing applicable clauses as well as depriving Plaintiff's/Petitioners of 21C § 2000cc - Protection of land use as religious exercise (RLUIPA), 42 U.S. Code CHAPTER 21B— Religious Freedom Restoration Act, The American Indian Religious Freedom Act, 42 U.S.C. § 1996 ("AIRFA") and accompanying laws as set forth in this complaint and resulted in violation of 18 U.S. Code § 247- Damage to religious property; obstruction of persons in the free exercise of religious beliefs on more than one occasion including acts of criminal trespass, unlawful detainment, theft, menacing, brandishing a firearm, and damage to property. Such acts are violations of 18 U.S. Code § 245 - Federally protected activities.

(See: KM Timeline including all exhibitory evidence as applicable, especially audio and video evidence "Linn v Graves 2016" forthcoming).
(See also: KM Video "Conspiracy to Murder, 10/2018 and subsequent case in motion to this bar).

Petitioners/Plaintiff's et al affirm that in addition to the Defendant's doing so as individuals they also willfully do so in violation of 18 U.S. Code § 242- Deprivation of rights under color of law including attempted use and threatened use of a dangerous weapon and further expanding their unlawful acts to include the ability to commit 18 U.S. Code Chapter 47, - Fraud And False Statements including fraud upon the courts by and including defamation of character to gain the ability to proceed toward : retaliatory acts including but not limited to biased policing, kidnapping, physical assault, malicious prosecution, extortion and have accelerated to include

acts of assault and battery, of 15 US Code § 1692d - Criminal Harassment, 18 U.S. Code § 2261A - Criminal Stalking, and cyber crimes including 18 U.S.C. §1341 - Mail and Wire Fraud, and to gin position to further deprive them of their protections under the 4th, 5th, 6th and 14th Amendments of the US Constitution including applicable clauses therein Petitioners/Plaintiff's further affirm the records will reveal said acts are in direct violation of 18 U.S.C. § 1117 -conspiracy to murder.

    Defendants malicious and abusive acts while under color of law have expanded to include violations of The Shepard Byrd Act, The Byrd Act,18 U.S.C. § 249, physical harm including assault and battery upon the Petitioners/Plaintiff's,  The Religious Freedom Restoration Act The Religious Freedom Restoration Act of 1993 (RFRA), 107 Stat. 1488, as amended, 42 U.S.C. § 2000bb et seq., applies to the Federal government, including each of the Defendants, and prohibits law and rules of the United States from substantially burdening a person's exercise of religion even if the burden results from a rule of general applicability.

    The facts are prevalent that upon unlawful arrest, Defendants willfully failed to adhere to the limitations of the law and constitution and punished Petitioners in excess of due  process. Axiomatic, Petitioners can and will proveto the demanded j6ry that Defendants acted in excess of the written word of law, thereby forfeiting jurisdiction and rendering the charging instrument a nullity. In this matter, there is no speculation, the facts stand as evidence of police and judicial misconduct, retaliation and conspiracy to deprive rights, to injure, cause harm and even to murder.

    Defendants are now restraining  Petitioners/Plaintiff's of liberty without authority, capacity or jurisdiction over they and their subject matter. Simply put, by the Defendant's failure to adhere to 4he simple limitations of code, law and constitution, the actions and arrests were unlawful, rendering all charges and charging instruments invalid. Defendants are proceeding under color of authority which is easily proved.

    (See: Attached and forthcoming "Case Summary" "Affidavits", "History Timelines" and other pertinent information)

## STATUTORY AND DECISIONAL LAW ALLEGATIONS

1.Under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc, et seq., "No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrated that imposition of the burden on that person, assembly, or institution,

(A) is in furtherance of a governmental interest; and

(B) is the least restrictive means of furthering that compelling governmental interest. Petitioner's position in his church affirms his entitlement to CARES benefits because Covid-19 restrictions hinder and prevent Petitioners religious assembly and institution (church and animal ecological enterprise from operation for purposes of the RLUIPA. Plaintiffs MINTER is a "person" for the purpose of RLUIPA.

2. The American Indian Religious Freedom Act, 42 U.S.C. § 1996 ("AIRFA") protects and preserves the traditional religious rights and cultural rituals of American Indians, Eskimos, Aleuts, and Native Hawaiians. These rights include, but are not limited to, access to sacred sites, freedom to worship through ceremonial and traditional rights, and use and possession of objects considered sacred. Petitioners Church is an "Indian religion" as defined by AIRFA.

3. The Religious Freedom Restoration Act of 1993 (RFRA), 107 Stat. 1488, as amended, 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4 et seq. is a 1993 United States federal law that "ensures that interests in religious freedom are protected." and applies to the government, including each of the Defendants. This law prohibits laws and rules of the United States from substantially burdening a person's exercise of religion even if the burden results from a rule of general applicability. The RFRA requires the "strict scrutiny" review standard be used when analyzing federal laws and rules that burden free exercise. The RFRA applies "to all Federal law, and the implementation of that law, whether statutory or otherwise." Covid has resulted in the Defendant's violating this law. Defendant's were given funds from the federal government which were to be given to persons such as and including the Petitioner as compensation for such deprivation as set forth in the CARES Act as monetary relief, which Defendants have received but have and continue to deny and deprive Petitioner of any and all monetary compensation, unlawfully.

**BASIS FOR INJUNCTIVE RELIEF**

<u>Petitioners Have a Likelihood of Success</u> Defendants are now restraining Petitioners of liberty without authority, capacity or jurisdiction over both Petitioners and the subject matter. Simply

put, by Respondents failure to adhere to the simple limitations of code, law and constitution, the arrest and actions were unlawful rendering all charging instruments invalid; Respondents are proceeding under the colour of authority which is easily proved by Gerstein *v. Pugh* 420 U.S. 103 (1975), *Ingraham v. Wright*, 430 U.S. 651, 671-672 n. 40, 674 (1977); *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 165-167, 186 (1963); *Wong Wing v. United States*, 163 U.S. 228, 237 (1896).

- Petitioners have demonstrated a substantial likelihood of success on the merits in this matter, sufficient to support this Court's granting of a preliminary injunction in this matter.
- Even if this Court were to find that Petitioners do not have a substantial likelihood of success despite the law and statute guaranteeing such, the other three factors weigh in Plaintiffs' favor, and the constitutional and statutory questions arising in this matter are so serious and substantial as to make the issue ripe for litigation and deserving of a more deliberate investigation.  See *Soskin,* 353 F.3d at 1247 (citation omitted).

Fed. Rule Civ. P. 65 & 65(b)(1)(A) v

    (Ref:: Case # 3:16-cv-00077    KM Filed 01/15/16);
    ( Ref: Case #    KM Filed in 2017 )
    (Ref: Case # 2:19-01864-MO    KM Filed in 2019)
    (Ref Case #    KM Filed in 2019); and
    (Ref Case #    RSSof KM filed in 2020)

### **PRAYER FOR RELIEF**

Petitioners and Plaintiffs et al pray for relief for the following reasons::

1. Petitioners Shepherds and flock seek emergent and permanent relief and protection from Defendants et al to prevent 18 USC 1983 Deprivation of Civil Rights as set forth in the Fourth Amendment of the US Constitution and other like protections as guaranteed in the rules of state and federal law.;
2. Petitioners and Plaintiffs additionally seek emergent and permanent  protection as set forth in 42 U.S.C. 2000cc et seq - RLUIPA, 42 U.S.C. 2000bb  RFRA, et seq. and other encompassing laws as set forth in this complaint and as assured in the

    First and Fourteenth Amendments of the US Constitution including all clauses as applicable therein .

Therefore, Petitioners andPlaintiffs humbly and fearfully seek the following remedies as prescribed within the applicable laws as set forth in this  and the encompassing cases at and forthcoming to this bar as follows:

    A. For an immediate investigation to be conducted by the US Marshals Office and the Federal Bureau of Investigations, the US Department of Justice and other federal agencies as deemed appropriate by the court and the swift corrective action of your employees (states and state official employees);

    B. For an ex parte Temporary Restraining Order (TRO)  prohibiting the Defendants or any local or state law enforcement agency from interacting, contacting, harassing, stalking, menacing, interfering, inflicting infringement upon and conspiring against the Petitioners and their churches, Plaintiff Shepherds, their Flock and their animal and ecological enterprises and any criminal charges or allegations be investigated and pursued by unbiased federal agencies until this and the accompanying cases are heard and ruled upon by their merits by this bar as entitled as material witnesses and citizens of the continental United States;

    C. For an ex parte Temporary Restraining Order and Injunction on Defendant's unlawful activities encompassing Cannabis "Marijuana" until Petitioners cases are heard and ruled upon by this court or one of equal or higher authoritative power.

    D. For a Preliminary Injunction on Defendant OREGON's unlawful activities encompassing Petitioners and Plaintiffs Manna medicines ("Mushrooms") until Petitioners cases are heard and ruled upon by this court or one of equal or higher authoritative power.

    E. For a Preliminary Injunction prohibiting the Defendants from violating the natural, civil and constitutional rights and liberties any further especially while doing so while acting under color of law; Petitioners and Plaintiffs individually and collectively from  and redirection of all contact with Petitioners by Defendants to the US Marshals or other federal authorities as this court deems appropriate until this and encompassing cases are and forthcoming to this bar that the court may elect to conjoin as they proceed forward and are heard and ruled upon.;

    F. For the immediate stay, dismissal and or change of venue of all present and encompassing criminal and civil issues against Plaintiffs  including but not limited to Plaintiff  GRAVES by Defendant OREGON, against Plaintiff FAYE by Defendant

UTAH, against Plaintiff GIBBS by COLORADO, against Plaintiff KING by Defendant CALIFORNIA and etc. including officer members/ material witnesses to this case (see attached Material witness list) and for such actions to immediately be moved from Defendant's limited jurisdiction(s) to bar in this or another federal courts jurisdiction until this and encompassing cases are heard and ruled upon by the US Federal court(s) upon merit and face.;

    G. For any/all Defendants who claim to have probable cause to encounter and or otherwise engage with Plaintiffs to be redirected to the US M

    arshal's office or other applicable federal agencies the courts deem appropriate so to ensure proper justice, federal laws and the safety of the Petitioners as witnesses are preserved and protected.;

    H. For a Permanent Injunction prohibiting Defendants from operating their "king pin" drug enterprise Unlawfully regarding Cannabis "Marijuana",;

    I. For a Permanent Injunction on Defendants, especially OREGON's unlawful activities encompassing Petitioners and Plaintiffs Manna medicines ("Mushrooms") until Petitioners cases are heard and ruled upon by this court or one of equal or higher authoritative power.

    J. For a Permanent Injunction prohibiting the Defendants from harassing, stalking, menacing, coercing and in all other ways violating Petitioners and Plaintiffs  natural, civil and constitutional rights and liberties from any further unlawful infringement, especially while doing so while acting under color of law;including cyber crimes as set forth in encompassing case filings.

     G. For a Permanent Restraining Order prohibiting the Defendants or any other local or state law enforcement agency in any state from interacting, contacting, harassing, stalking, menacing, interfering, inflicting infringement upon and conspiring against the Plaintiffs as the religious individuals that they are, their religious and professional associates, their churches, Plaintiffs and their animal and ecological enterprises as applicable.;

     H..For an immediate TRO/PI on states in motion to expand their criminal drug enterprises to include cannabis, psychedelic mushrooms, and or other substances listed in the federal CSA and especially OREGON's unlawful and blatantly reckless acts under ballot measure 110, now listed as ORS 475.900.

    I. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable provision of state or federal law by and upon conclusion of this case; and

J. For any and all such other relief the Court may deem just and proper.

Plaintiffs are providing this court with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

Signed: _____

_____, Informa poperus Pro Se Petitioner

DATED: _____

Shepherd for  Petitioner _____ (CHURCH)

Printed Name: _____

Signed as Informa poperous Pro Se Plaintiff